**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARCIA DAKIN** | : | Case No.: 1:24-cv-00293 |
| 4906 Melbeth Drive | : | |
| Greenville, OH  45331 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **WALLS BROTHERS ASPHALT** | : | **COMPLAINT WITH JURY DEMAND** |
| **COMPANY** | : | **ENDORSED HEREON**_____ |
| 11641 Mosteller Road | : | |
| Cincinnati, OH  45241 | : | |
| | : | |
| c/o Statutory Agent | : | |
| C T Corporation System | : | |
| 4400 Easton CMNS STE 125 | : | |
| Columbus, OH  43219 | : | |
| | : | |
| Defendant. | : | |

**PARTIES**

1. Plaintiff Marcia Dakin ("Plaintiff") resides in Darke County, Ohio.

2. Defendant Walls Brothers Asphalt Company ("Defendant") is an Ohio corporation located in Darke County with its corporate headquarters located in Cincinnati, Ohio.  Defendant is an employer within the meaning of Ohio and federal law.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act as amended ("ADAAA"), 42 U.S.C. § 12101 *et seq.*; and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.*

4. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claim derives from the same operative facts and is so related to her federal claims over which the Court has original jurisdiction that they form a part of the same case or controversy.

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). She filed that Charge less than 300 days after being notified of her termination. Plaintiff received a Notice of Right to Sue from the EEOC dated February 22, 2024 (attached as Ex. A), and this Complaint is filed within 90 days of receipt of the Notice.

6. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this division and district.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 53-year-old female who was born in 1970.

8. She began her employment with Defendant on June 4, 2004, as a Construction Laborer, a position that she held throughout her career with Defendant.

9. Defendant is an asphalt paving company that completes heavy highway, municipal, commercial, and residential paving, and roadway reconstruction.

10. Upon information and belief, Defendant is an owned subsidiary of the John R. Jurgensen Co., an Ohio corporation located in Cincinnati, Ohio. Defendant relies on John R. Jurgensen to help with back-office functions including human resources.

11. Throughout her employment, Plaintiff was a loyal, dedicated employee whose job performance consistently met or exceeded expectations.

2

12.     Upon information and belief, when she was hired, Plaintiff was only the second female Construction Laborer.  During her 18 years of employment with Defendant, Plaintiff worked on crews that were mostly men and sometimes she was the only female worker on particular jobs.

13.     Plaintiff and other female employees were often subjected to harassing and inappropriate behavior and comments because of her sex.

14.     Plaintiff's direct supervisor Construction Foreman Michael Bocanegra subjected Plaintiff and another female co-worker to inappropriate verbal abuse and comments of a sexist nature.

15.     While working on a project in Versailles, Ohio, Mr. Bocanegra yelled at Plaintiff using profanity and expletives to the point that a subcontractor stepped in and called Mr. Bocanegra's supervisor threatening to refuse work in the future with Defendant because of his abusive behavior to Plaintiff.

16.     In October 2022, Mr. Bocanegra shouted at Plaintiff to "get off your fat a** and go get it" in front of City of Greenville employees and her coworkers.

17.     Mr. Bocanegra had previously in July 2022 embarrassed and berated another female co-worker of Plaintiff asking her in front of co-workers "are you f**king stupid?"  "You and Erica aren't worth a f**k."  Plaintiff's co-worker reported Mr. Bocanegra's abuse to human resources.  However, Bocanegra remained employed and his abusive, sexist behavior continued.

18.     After the female employee complained about Mr. Bocanegra, he retaliated by cutting her hours resulting in a $5,000 decrease in her pay.

19. Plaintiff suffered a workplace injury to her right knee on or about November 25, 2019. As a result of her injury, Plaintiff was forced to take medical leave and returned to work with work restrictions.

20. Plaintiff had three surgeries on her knee and ultimately had a total knee replacement surgery on March 21, 2022. The pain associated with her knee resulted in gait changes which led to degenerative disk disease and chronic back pain.

21. Plaintiff's knee and back conditions were covered disabilities as defined by the ADAAA and Ohio law.

22. Plaintiff's doctors requested reasonable accommodations for her disabilities including that Plaintiff not drive manual transmission vehicles because of her knee. Plaintiff returned to work on or June 6 and was able to do her with this accommodation.

23. Without explanation, Plaintiff received a call from Human Resources in early September advising her that she needed to get her doctor to release her without restrictions or she wouldn't be able to work. Defendant immediately sent Plaintiff home from work.

24. Without pay for several days and feeling that she didn't have a choice, Plaintiff contacted her doctor's office and asked for a full release. On September 9, 2022, her doctor's office completed a fitness for duty that stated, "upon review she is capable of kneeling & crawling but not recommended due to history of knee surgery."

25. On December 19, 2022, Plaintiff and her female co-worker who complained to HR about Mr. Bocanegra's sexist behavior, both separately received phone calls advising them that "the Company is headed in a different direction," and that they would not be receiving a call back to work for the paving season in 2023.

26. Upon information and belief, Defendant engages in a pattern and practice of discrimination and retaliation.

## COUNT I
### (Sex Discrimination – Title VII)

27. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

28. Plaintiff was qualified for her position at all relevant times.

29. Defendant discriminated against Plaintiff because of her sex by treating her and other females less favorably than similarly situated male employees, including, but not limited to, subjecting Plaintiff to offensive and abusive sexist comments and by terminating her employment because of her sex in violation of Title VII.

30. Defendant's actions were intentional, willful, malicious, and in conscious disregard for Plaintiff's rights.

31. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant under Title VII.

## COUNT II
### (Sex Discrimination – O.R.C. § 4112)

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Plaintiff was qualified for her position at all relevant times.

34. Defendant discriminated against Plaintiff because of her sex by treating her and other females less favorably than similarly situated male employees, including, but not limited to, subjecting Plaintiff to offensive and abusive sexist comments and by terminating her employment because of her sex in violation of Ohio law.

35. Defendant's actions were intentional, willful, malicious, and in conscious disregard for Plaintiff's rights.

36. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to judgment against Defendant under Ohio law.

## COUNT III
### (Disability Discrimination – ADAAA)

37. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

38. Plaintiff is a qualified individual with a disability as defined by the ADAAA.

39. Defendant discriminated against Plaintiff on account of her disability by treating her differently than similarly situated, non-disabled employees, refusing to reasonably accommodate her disability, and terminating her employment because of her disability in violation of the ADAAA.

40. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

41. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under the ADAAA.

## COUNT IV
### (Disability Discrimination - O.R.C. § 4112)

42. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

43. Plaintiff is a qualified individual with a disability as defined by Ohio law.

44. Defendant discriminated against Plaintiff on account of her disability by treating her differently than similarly situated, non-disabled employees, refusing to reasonably accommodate her disability, and terminating her employment because of her disability in violation of Ohio law.

45. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

46. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under Ohio law.

## COUNT V
### (Age Discrimination – ADEA)

47. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

48. Defendant discriminated against Plaintiff on account of her age by treating her differently than similarly situated, substantially younger employees and terminating her employment because of her age in violation of the ADEA.

49. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

50. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under the ADEA.

## COUNT VI
### (Age Discrimination - O.R.C. § 4112)

51. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

52. Defendant discriminated against Plaintiff on account of her age by treating her differently than similarly situated, substantially younger employees and terminating her employment because of her age in violation of Ohio law.

53. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

54. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under Ohio law.

## COUNT VII
### (Retaliation – ADAAA)

55. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

7

56. Plaintiff engaged in legally protected activity under the ADAAA by requesting reasonable accommodations because of her disability.

57. Defendant retaliated against Plaintiff by unreasonably refusing to provide the accommodation requested, pressuring her to obtain a full release, and terminating her employment in retaliation for her protected activity under the ADAAA.

58. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

59. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under the ADAAA.

## COUNT VIII
### (Retaliation - O.R.C. § 4112)

60. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

61. Plaintiff engaged in legally protected activity under Ohio law by requesting reasonable accommodations because of her disability.

62. Defendant retaliated against Plaintiff by unreasonably refusing to provide the accommodation requested, pressuring her to obtain a full release, and terminating her employment in retaliation for her protected activity under Ohio law.

63. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

64. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under Ohio law.

## COUNT IX
### (Retaliation – Title VII)

65. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

66. Plaintiff engaged in legally protected activity under Title VII by complaining about Mr. Bocanegra's harassing and abusive behavior.  Upon information and belief, Defendant blamed Plaintiff for the subcontractor's complaint on her behalf.

67. Defendant retaliated against Plaintiff by treating her differently than employees who did not engage in protected activity and terminating her employment in retaliation for her protected activity under Title VII.

68. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

69. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under Title VII.

## COUNT X
### (Retaliation - O.R.C. § 4112)

70. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

71. Plaintiff engaged in legally protected activity under Ohio law by complaining about Mr. Bocanegra's harassing and abusive behavior.  Upon information and belief, Defendant blamed Plaintiff for the subcontractor's complaint on her behalf.

72. Defendant retaliated against Plaintiff by treating her differently than employees who did not engage in protected activity and terminating her employment in retaliation for her protected activity under Ohio law.

73. Defendant's above-described conduct was intentional, willful, wanton, and malicious.

74. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered damages and is entitled to recovery under Ohio law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)   That Defendant be enjoined from further unlawful conduct as described herein;

(b)   That Plaintiff be reinstated to her employment effective December 19, 2022;

(c)   That Plaintiff be awarded all lost pay and benefits;

(d)   That Plaintiff be awarded compensatory damages, including for emotional distress;

(e)   That Plaintiff be awarded liquidated damages;

(f)   That Plaintiff be awarded punitive damages;

(g)   That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years;

(h)   That Plaintiff be awarded pre-judgment and post-judgment interest;

(i)   That Plaintiff be awarded reasonable attorneys' fees and costs; and

(j)   That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ *George M. Reul, Jr.*
George M. Reul, Jr. (0069992)
Trial Attorney for Plaintiff
Freking Myers & Reul LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
Phone: (513) 721-1975
Fax: (513) 651-2570
*greul@fmr.law*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all matters so triable.


/s/ *George M. Reul, Jr.*